**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM A. HELSEL. ET AL.,** | ) | **CASE NO.1:12CV1184** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **GENERAL MOTORS, LLC ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motions to Dismiss by Michael S. Clawson and Michael S. Clawson, PLLC (ECF # 25), General Motors, LLC (ECF # 26) and Hardy, Lewis & Page, P.C. (ECF # 27).  For the following reasons, the Court grants all Defendants' Motions and dismisses the above-captioned case.

According to Plaintiffs, Defendants Michael S. Clawson, Michael S. Clawson, PLLC, and Hardy, Lewis & Page, P.C. are debt collectors as defined by the Fair Debt Collection Practices Act ("FDCPA") and committed violations of the FDCPA in filing suits against Plaintiffs and the putative class.  GM aided and abetted the debt collectors FDCPA violations and conspired with the debt collectors to violate the FDCPA   Plaintiffs' First Amended Complaint ("FAC") is brought on behalf of  William A. Helsel, Howard Currey, Larry

Abernathy, Calvin Arnold and James Caldwell and a putative class ("Plaintiffs"). Plaintiffs allege Defendants filed law suits in improper venues, sought attorney fees they were not entitled to recover, failed to make disclosures as required by law, sued on vehicles not appropriately included in Defendants' demands for payment and sought more than Defendant General Motors ("GM") extended as a discount on the vehicles.

## Background Facts

Plaintiffs' claims concern a discount plan, the General Motors Vehicle Purchase Programs ("GMVPP") offered GM employees and retirees. Under the discount plan, eligible employees are issued Personal Identification Numbers ("PINs") they can use to obtain discounts for themselves or eligible family members. According to Plaintiffs' FAC, GM, through Defendant law firms, has filed lawsuits against named Plaintiffs and putative class members seeking reimbursement on discounts for purchases GM believes to have been fraudulent. Plaintiffs contend GM does this, albeit with knowledge that the abuses are often the result of unscrupulous auto dealers.

Plaintiffs' FAC alleges one count against Clawson, Michael Clawson PLLC, and Hardy Lewis & Page for filing suits outside the judicial districts where the contracts were signed or where Plaintiffs reside, in violation of the FDCPA 15 U.S.C. § 1692i(a)(2); one count against Clawson, Michael S. Clawson PLLC, and Hardy, Lewis & Page for failing to disclose, in mailings to Plaintiffs, that the communication was an attempt to collect a debt in violation of the FDCPA 15 U.S.C. §1692e(11); one count against GM for aiding and abetting violations of the FDCPA; and one count of civil conspiracy against all Defendants for conspiring to violate the FDCPA.

**Defendants' Motions**

Defendants contend the Plaintiffs' claims fail as a matter of law because they did not attempt to collect on a "debt" as defined by the FDCPA. The underlying lawsuits alleged tort claims for fraud, conversion and breach of contracts between GM and the employees/retirees. The monies sought were not consumer debts according to Defendants; none of the claims in the underlying suits arose from purchases made by Plaintiffs; rather, the purchases were made by third parties using Plaintiffs' discounts. GM only pursued litigation after Plaintiffs failed to provide evidence the third party purchasers were authorized to use the Plaintiffs' discounts per the terms of the discount plan. Therefore, Defendants argue that because there was no consumer debt, Defendants' actions fall outside the parameters of the FDCPA.

According to GM, even if the Court were to consider its attempts to recover the discounts as debt collections, GM would still be entitled to judgment because GM would be a "creditor" as defined by the FDCPA and would be exempt from liability. Furthermore, Plaintiffs are not consumers because they did not make the purchases at issue. Finally, GM contends case law specifically prohibits the causes of action alleged against GM by Plaintiffs as they are clearly attempts to circumvent the FDCPA, which applies only to debt collectors and not creditors.

Defendants Clawson, Clawson PLLC and Hardy, Lewis & Page further argue that the Plaintiffs' allegations that the Clawson and Hardy Defendants are debt collectors is a conclusory allegation and is belied by the allegations contained in the underlying Complaints attached to the FAC. Furthermore, the monies sought in the underlying suits are the result of Plaintiffs' tortious acts and/or misrepresentations and, by definition, are not "debts" under the FDCPA.

**Plaintiffs' Response**

Plaintiffs contend GM's pursuit of its employees and retirees using debt collecting law firms and lawyers undermines the congressional intent behind the FDCPA.  By hiring debt collectors who use abusive tactics that violate the FDCPA, GM is able to collect on debts while at the same time preserving its good will.  Plaintiffs argue the Court should narrowly construe the creditor exception of the FDCPA since it is a remedial statute.  Plaintiff acknowledges a Sixth Circuit decision refusing to hold a creditor vicariously liable for the acts of its debt collector but asks the Court to disregard the decision for its failure to consider Congress's intent in excluding creditors from the FDCPA.  Instead, Plaintiffs ask the Court to consider the case of *Freeman v. CAC Fin.,Inc.,* No. 3:04cv981 2006 U.S. Dist. LEXIS 17827 (S.D. Miss. March 31, 2006) wherein a district court denied a creditor's motion to dismiss because state common law theories potentially applied to the creditor).

Plaintiffs further contend they have alleged they are consumers and allegedly owe debts as defined by the FDCPA.   Plaintiffs fit the definition of consumer under the FDCPA and the underlying claims arise from transactions that are properly considered debts under the FDCPA. Plaintiffs concede the purchases at issue were made by third parties (see Plaintiffs Opposition pg. 10), but contend that the FDCPA's focus is not on the parties to the transaction but on the nature of the transaction itself.  Here, the transactions were for the purchase of automobiles which are undisputedly for personal, family or household purposes.  Therefore, according to Plaintiffs, the subject transactions support a claim for violation of the FDCPA.

## **LAW AND ANALYSIS**

### **Standard of Review**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable

4

to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc.* v. *Treesh,* 487 F.3d 471,476 (6th Cir. 2007).  Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007).  *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised.  *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).  The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id*. at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein.  *See Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001).

**Did Defendants attempt to collect on a "debt" as defined by the FDCPA?**

Defendants contend the money GM sought to recoup from Plaintiffs was not an attempt to collect a debt under the FDCPA.  Plaintiffs allege two FDCPA claims.  Count One of the First Amended Complaint alleges violations of 15 U.S.C. § 1692i(a)(2) which reads:

5

> Any debt collector who brings any legal action on a debt against any consumer shall–
>
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--
>
>> (A) in which such consumer signed the contract sued upon; or
>> (B) in which such consumer resides at the commencement of the action.

Count Two alleges FDCPA violations under 15 U.S.C. 1692e(11) which reads:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Plaintiffs' FAC alleges Plaintiffs and class members are "consumers" as defined by the FDCPA as "...any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). (See FAC pg 2 ¶ 3-7, pg 17 ¶102, and pg. 19 ¶114). "Debt" under the FDCPA is defined as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

In order to establish a claim under § 1692e: (1) plaintiff must be a "consumer" as defined by the Act; (2) the "debt" must arise out of transactions which are "primarily for personal, family or household purposes;" (3) defendant must be a "debt collector" as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions. *Wallace v. Washington Mut. Bank, F.A.,*

6

683 F.3d 323, 326 (6th Cir., 2012).

Plaintiffs do not dispute that if the monies sought by GM through Defendant law firms are not "debts" as defined by the FDCPA, then Plaintiffs' claims fail as a matter of law. Therefore, the Court must first determine if Defendants attempted to collect on a debt under the FDCPA.

In 1977, Congress enacted the FDCPA stating:

> It is the purpose of this subchapter to eliminate the abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e).

The FDCPA does not provide a cause of action against every attempt to collect on a debt. As courts outside this district have held, "the FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S. C.,* 111 F.3d 1322, 1326 (7th Cir.1997) (citing *Mabe v. G.C. Serv. Ltd. P'shp,* 32 F.3d 86, 88 (4th Cir.1994). "The focus on the underlying transaction indicates that whether an obligation is a "debt" depends not on whether the obligation is secured, but rather upon the purpose for which it was incurred." *Glazer v. Chase Home Finance LLC* 704 F.3d 453, 461 (6th Cir.,2013).

In light of the above considerations, the Court holds that the damages Defendants sought to recover for discounts alleged to have been improperly obtained do not constitute a "debt" as defined by the FDCPA and Plaintiffs' claims fail as a matter of law.

As an initial matter, the Court notes it may consider the Complaints filed by Defendants against named Plaintiffs and attached to Plaintiffs' FAC as exhibits under Fed. R. Civ. P.

7

12(b)(6). *Amini*, 259 F.3d at 502. These Complaints, along with letters sent by GM to Plaintiffs, demonstrate that GM, through its attorneys, sought reimbursement for discounts it alleged were fraudulently obtained by Plaintiffs for third party purchasers of GM vehicles. Since these Complaints form the basis of Plaintiffs' claims against Defendants under the FDCPA, the Court may consider them in lieu of the legal conclusions asserted by Plaintiffs -i.e. that the Defendants seek to recover debts under the FDCPA and the monies sought arise from consumer transactions under the FDCPA. See *HMS Prop. Mgmt. Group, Inc. v. Miller,* 69 F.3d 537 (6th Cir.1995) ("[A] court may disregard allegations contradicted by facts established in exhibits attached to the pleading.") These exhibits establish that Defendants sought to recover the discounts provided under the GM employee discount plan.

When considering the purpose of Plaintiffs alleged obligation to repay the discount, the Court holds the obligation does not arise out of third party purchases of vehicles. Instead, the obligation arises out of the employee benefit offered by GM to its employees per the GM benefit plan. But for the existence of the discount plan, named Plaintiffs would not be obliged to return anything to GM for the third party purchases. In other words, the third party purchases conferred no obligation on Named Plaintiffs; instead, it was the use of the employee discount.

Neither Plaintiffs' FAC nor GM's Complaints in the underlying suits allege Plaintiffs purchased anything, nor do they contend that Plaintiffs expended any monies when third parties purchased GM vehicles. Thus, there were no "transactions" between Plaintiffs and GM. Furthermore, GM's suits against named Plaintiffs sought damages for Plaintiffs alleged misuse of the discount plan. Even GM's breach of contract claims in the underlying suits rely on allegations that Plaintiffs failed to verify their relationship to the purchasers of the vehicles. The

8

"contract" between GM and its employees/retirees, offering discounts to family members of employees and retirees is not a contract for purchase of a consumer good; instead it is an employment benefit. The underlying consumer transaction by third party automobile purchasers did not impose a debt obligation on the named Plaintiffs. Instead, GM's alleged damages arise from the named Plaintiffs' use of the discount benefit conferred through the GM discount plan. Absent that benefit, the underlying automobile purchases conferred no obligations whatsoever upon named Plaintiffs. Therefore, there was no "debt" and Plaintiffs are not consumers under the FDCPA.

Also, Defendants contend, and the Court agrees, that circuit courts presented with this issue have determined that damages arising from alleged tortious conduct do not qualify as "debts" under the FDCPA. See *Fleming v. Pickard*, 581 F.3d 922, 925 -926 (9th Cir. 2009) citing *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1326 (7th Cir.1997)*, Zimmerman v. HBO Affiliate Group,* 834 F.2d 1163, 1168 (3d Cir.1987); *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1371 (11th Cir.1998). Because GM's claims in the underlying suits sought to recover damages for fraud and conversion, those claims cannot be considered attempts to collect on a "debt" under the FDCPA.

Furthermore, because GM's alleged breach of contract claim in the underlying suits arises from an employment benefit -i.e. the discount plan- it is not a consumer obligation to pay money arising out of a transaction for personal, family or household purposes.

Because all Plaintiffs' claims in the FAC depend on the Defendants attempts to collect on a "debt" as defined by the FDCPA, the Court's holding that the underlying suits against Plaintiffs was not an attempt to collect such a debt defeats Plaintiffs' claims against all

9

Defendants.

**<u>GM is a creditor not subject to the FDCPA</u>**

Even if the Court were to find there was a "debt" as defined by the FDCPA, Plaintiffs' claims against GM must still be dismissed because GM is clearly a creditor under the terms of the FDCPA.

15 USC §1692a(4) defines creditor as " any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."  It is settled law that creditors are not subject to the FDCPA. See *Partlow v. Aurora Loan Servs., LLC,* No. 11–12940, 2012 WL 12766, at *5 (E.D.Mich. Jan.4, 2012) ("[I]t is well settled that the provisions of the FDCPA apply only to professional debt collectors, not creditors or mortgagors." See also *Montgomery v. Huntington Bank* 346 F.3d 693, 699 (6th Cir. 2003) ("a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.") quoting *Stafford v. Cross Country Bank,* 262 F.Supp.2d 776, 794 (W.D.Ky.2003).  Plaintiffs' FAC does not allege GM is a debt collector.  Instead, Plaintiffs' FAC alleges:

GM provides an employee discount to all its employees.  (FAC para 14).

GM seeks reimbursement from participants for the discount. ( FAC para 17, 35, 73, 78).

GM hired Defendant lawyer and law firms to commence collection efforts for repayment of the discounts.  (FAC para. 123, 136).

Thus, based on the above allegations in the FAC, GM is a creditor as defined by the FDCPA.  While Plaintiffs acknowledge that GM is a creditor, it seeks to impose liability on GM

10

contending that GM abuses the creditor statutory exclusion of the FDCPA. (See pg. 6 of Plaintiffs' Brief in Opposition)("creditors such as GM abuse this exclusion to facilitate violations of the FDCPA").

In *Wadlington v. Credit Acceptance Corp.* 76 F.3d 103 (6th Cir. 1996), Plaintiff brought an action against an assignee of a debt and its attorney for violating the FDCPA. One of the claims alleged by Plaintiff sought to make the assignee vicariously liable for assignee's counsel's violations of the FDCPA. In finding no vicarious liability, the Sixth Circuit held:

> We do not think it would accord with the intent of Congress, as manifested in the terms of the Act, for a company that is *not* a debt collector to be held vicariously liable for a collection suit filing that violates the Act only because the filing attorney is a "debt collector." Section 1692k imposes liability only on a " *debt collector* who fails to comply with [a] provision of this subchapter...." 15 U.S.C. § 1692k(a) (emphasis supplied). The plaintiffs would have us impose liability on non-debt collectors too. This we decline to do.

*Wadlington* at 108.

Because the plain language of the FDCPA imposes liability on debt collectors and not creditors and because the Sixth Circuit has expressly declined to extend liability for violations of the FDCPA to creditors vicariously for acts of debt collectors, the Court holds Plaintiffs' claims for aiding and abetting FDCPA violations and civil conspiracy to violate the FDCPA fail as a matter of law against GM and are dismissed.

Therefore, for the foregoing reasons, the Court grants the Motions to Dismiss of

Defendants Michael S. Clawson and Michael S. Clawson, PLLC (ECF # 25), General Motors, LLC (ECF # 26) and Hardy, Lewis & Page, P.C. (ECF # 27) and dismisses the case.

    IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            United States District Judge

Dated:  August 9, 2013